**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JESSICA JOHNSON, | ) |
| JACQUELINE LITMAN, | ) |
| NAOMI GATES, | ) |
| CRESS WRENN, | ) |
| CLAUDIA LYKO, | ) |
| KRISTY HACK, | ) Case No. |
| CAROLYN BARTLEY, | ) |
| MELISSA GANSER, | ) |
| LINDSAY MIDURA, | ) |
| MIA BLAGSVEDT, | ) |
| HEATHER BARTZ, | ) |
| KATHERINE FRANKLIN, | ) |
| JOANNA PARYS, | ) |
| SANDRA ESTEVANE, | ) |
| CAROLINE FIERMUGA, | ) **JURY DEMANDED** |
| KAYLEIGH ZARNDT, | ) |
| DAYLEEN MARRERO, | ) |
| RACHEL OSTING, and | ) |
| TRACY VELAZQUEZ, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| TK CHICAGO LOOP, LLC, d/b/a | ) |
| TILTED KILT PUB & EATERY; and | ) |
| TILTED KILT FRANCHISE | ) |
| OPERATING LLC, | ) |
|     Defendants. | ) |

**<u>COMPLAINT</u>**

Now come the Plaintiffs, Jessica Johnson, Jacqueline Litman, Naomi Gates, Cress Wrenn, Claudia Lyko, Kristy Hack, Carolyn Bartley, Melissa Ganser, Lindsay Midura, Mia Blagsvedt, Heather Bartz, Katherine Franklin, Sandra Estevane, Caroline Fiermuga, Kayleigh Zarndt, Dayleen Marrero, Rachel Osting, Joanna Parys and Tracy Zelazquez, through their attorneys in this matter, Orum & Roth, LLC, and complaining of the Defendants, TK Chicago

Loop, LLC d/b/a Tilted Kilt Pub & Eatery and Tilted Kilt Franchise Operating LLC, state as follows:

**JURISDICTION**

1. The present action alleges claims premised on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*. Subject matter jurisdiction for those claims is premised 28 U.S.C. § 1331. Supplemental jurisdiction for the state law claim alleged herein is premised on 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because a substantial part of the events giving rise to the claim occurred in this District.

3. On June 01, 2011, the following Plaintiffs filed Charges of harassment and retaliation with the EEOC against TK Chicago Loop, LLC, d/b/a/ Tilted Kilt Pub & Eatery ("Tilted Kilt Chicago") and Tilted Kilt Franchise Operating LLC ("Tilted Kilt Corporate"):

| | |
|---|---|
| Jessica Johnson | No. 440-2011-04132 |
| Kristy Hack | No. 440-2011-04134 |
| Jacqueline Litman | No. 440-2011-04135 |
| Naomi Gates | No. 440-2011-04136 |
| Cress Wrenn | No. 440-2011-04137 |
| Claudia Lyko | No. 440-2011-04138 |
| Carolyn Bartley | No. 440-2011-04139 |
| Melissa Ganser | No. 440-2011-04140 |
| Lindsay Midura | No. 440-2011-04141 |
| Mia Blagsvedt | No. 440-2011-04142 |

4. On June 15, 2011, the following Plaintiffs filed Charges of harassment and retaliation with the EEOC against Tilted Kilt Chicago and Tilted Kilt Corporate:

| | |
|---|---|
| Kayleigh Zarndt | No. 440-2011-04124 |
| Caroline Fiermuga | No. 440-2011-04123 |
| Rachel Osting | No. 440-2011-04126 |
| Joanna Parys | No. 440-2011-04128 |
| Tracy Velazquez | No. 440-2011-04127 |
| Dayleen Marrero | No. 440-2011-04125 |

| | |
|---|---|
| Katherine Franklin | No. 440-2011-04121 |
| Sandra Estevane | No. 440-2011-04122 |
| Heather Bartz | No. 440-2011-04120 |

5. Each charge of harassment and retaliation as alleged above was filed with the EEOC against Tilted Kilt Chicago and Tilted Kilt Corporate within 300 days from the date of the last act of harassment and retaliation.

6. Plaintiffs received right to sue letters from the EEOC on all of the Plaintiffs' charges on February 2, 2012 and February 3, 2012, as is shown in the right to sue letters attached hereto as "Group Exhibit A." Plaintiffs filed the instant lawsuit within 90 days from receipt of the right to sue letters, and have otherwise met all prerequisites required under the law to maintain this lawsuit.

## FACTS COMMON TO ALL COUNTS

7. Plaintiffs were at all relevant times employees of Tilted Kilt Chicago, located at 17 North Wabash Avenue in Chicago, Illinois. The Plaintiffs are all female, and therefore part of a protected class.

8. Defendant, Tilted Kilt Chicago, is an Illinois limited liability company. Tilted Kilt Chicago is owned by Athan "Thomas" Sotos, Chris Tomaras and TI Management Group, LLC. Tilted Kilt Chicago at all times employed Dennis Sotos as the manager of Tilted Kilt Chicago, and as the Plaintiffs' supervisor.

9. Tilted Kilt Corporate is a Wyoming limited liability company, with its principal place of business in Tempe, Arizona.

10. Tilted Kilt Corporate entered into a franchise agreement with Tilted Kilt Chicago, pursuant to which Tilted Kilt Corporate maintains control over the operations of Tilted Kilt Chicago and mandates that Tilted Kilt Chicago follow certain policies and procedures. Tilted

Kilt Corporate, for example, maintains a human resources department that oversees and manages relations with all Tilted Kilt franchisees, including Tilted Kilt Chicago, and all Tilted Kilt employees. Tilted Kilt Corporate maintains Application for Employment forms pursuant to which employees apply for employment with Tilted Kilt Corporate. Further, Tilted Kilt Corporate also issued each employee a "Tilted Kilt Employee Handbook" that references Tilted Kilt Corporate as an employer of all Tilted Kilt employees. Tilted Kilt Corporate was at all times a joint employer of the Plaintiffs.

### COUNT I
*(Sexual Harassment)*

11. Plaintiffs reallege and reassert the allegations contained in paragraphs 1 through 10 as and for the allegations contained in paragraph 11, as if fully set forth herein.

12. At all relevant times, Tilted Kilt Chicago and Tilted Kilt Corporate were industries affecting commerce, employed 15 or more employees, and were an "employer" within the meaning of Title VII of the Civil Rights Act of 1964.

13. Beginning around the time of the opening of Tilted Kilt Chicago in 2009, and continuing until after Plaintiffs filed their EEOC Charges, the actions of one of the Tilted Kilt's managers, Dennis Sotos, and as alleged in paragraph 13.J.) one of Tilted Kilt Chicago's owners, created a sexually hostile, offensive, humiliating and degrading work environment, by engaging in conduct that includes, but is not limited to, the following unwanted conduct against women employees, because of their gender, on a regular, systematic and on-going basis:

A.) Taking a straw full of water, placing it down at least one of the Plainitffs' dresses, releasing the water and making comments such as "I'm trying to get your panties wet" and "That's how Daddy likes it – with your panties wet."

B.) Stating to one or more of the Plaintiffs: "meow, meow- you're a dirty kitty."

C.) Making comments to one or more Plaintiffs such as "You don't know what I'd like to do to you".

D.) Telling one or more of the Plaintiffs: "I want to f@%k you" and "I want to f@%k you so bad".

E.) Telling one or more of the Plaintiffs: "You look f@%king hot".

F.) Loudly discussing pornography with customers.

G. Engaging in talk about pornography with one or more Plaintiffs, including reference to "the 80's bush", and explicit content about Dennis Sotos and his wife's sexual life.

H.) Asking one or more Plaintiffs to "smell my finger."

I.) Saying things about riding his handlebars when referring to his mustache and women sitting on his face.

J.) Dennis Sotos and owner Thomas Sotos calling one or more Plaintiffs by sexually derogatory nicknames, including a name that a Plaintiff was told translates from Greek to English as: "You give me a hard on."

K.) Propositioning one or more of the Plaintiffs.

L.) Asking a Plaintiff to have her and a female friend participate in a *ménage a trois*.

M.) Commenting to a Plaintiff about the breasts and buttocks of other female employees.

N.) Making out with customers in plain view of the Tilted Kilt staff in the restaurant, and taking women in his office.

O.) Telling a Plaintiff about his sexual exploits with women in his office.

P.) Telling a Plaintiff that the way to get to a promotion was to have sex with him.

Q.) Forcing himself in an aggressive sexual manner on a 19 year old employee.

R.) Grabbing one or more of Plaintiffs' breasts.

S.) Grabbing one or more of Plaintiffs' buttocks.

T.) Attempting to kiss one or more of the Plaintiffs on the mouth.

U.) Attempting to hug one or more of the Plaintiffs.

V.) Licking one or more of the Plaintiffs' ears.

W.) Poking one or more of the Plaintiffs in the side and/or buttocks.

    X.) Commenting about the look of one or more of the Plaintiffs' buttocks.

    Y.) Continuously engaging sexual innuendos with the Plaintiffs and other employees.

    Z.) Continuously touching, hugging and kissing other young female employees of Tilted Kilt Chicago.

    AA.) Grabbing waitress's breasts.

    BB.) Putting ice down employees' skirts.

14. The conduct, as alleged above, has been frequent, severe, on-going, and lasted for the duration of the Plaintiffs' employment. Tilted Kilt Chicago and Tilted Kilt Corporate are liable for the actions as alleged above.

15. The sexual harassment as alleged herein negatively affected the terms, conditions and privileges of Plaintiffs' working environment, and the working environment of the female employees who work at the Tilted Kilt Chicago. The harassment, as alleged herein, would detrimentally affect a reasonable person of the Plaintiffs' same sex, and is objectively degrading and humiliating. The sexual harassment was uninvited and unwelcome.

16. Tilted Kilt Chicago knew of the sexual harassment, yet did nothing to stop it. Employees complained to managers and at least one of the owners of Tilted Kilt Chicago. Despite these complaints to Tilted Kilt Chicago, the sexual harassment continued. Moreover, when complaints were made about harassment, the complaining female workers were retaliated against in their work assignments.

17. Tilted Kilt Corporate was also aware of the continued sexual harassment, but yet did nothing to stop it. Tilted Kilt Chicago employees complained to Tilted Kilt Corporate's human resources and risk management departments about the on-going, pervasive and severe

sexual harassment. Despite those complaints, Tilted Kilt Corporate took no action against Tilted Kilt Chicago, its owners or Dennis Sotos.

19. As a franchisor, Tilted Kilt Corporate exercised significant control over the operations of Tilted Kilt Chicago. On information and belief, Tilted Kilt Corporate maintains the right to terminate Tilted Kilt Chicago's franchise for failure to comply with applicable federal, state and local laws, including laws prohibiting harassment in the workplace. Tilted Kilt Corporate also maintains a human resources department that oversees employee relations between Tilted Kilt Chicago and Tilted Kilt employees. Tilted Kilt Corporate exercises, or maintained the right to exercise, the requisite level of control in an agency relationship to be vicariously liable for the acts of its franchisee, Tilted Kilt Chicago. Further, Tilted Kilt is, or at a minimum held itself out as, Plaintiffs' employer or joint employer.

19. Further, after the charges were filed with the EEOC a Tilted Kilt Chicago manager told Plaintiffs that they would never work in Chicago again because of the EEOC charges; that Plaintiffs would be required to move from Chicago because they filed the EEOC charges; that Mr. Tomaras (an owner of Titled Kilt Chicago), never loses; that Plaintiffs would never win their lawsuit; and that Mr. Tomaras uses $400 per hour lawyers who never lose.

20. The actions as alleged above constitute sexual harassment under Title VII. The actions have caused and will continue to cause the Plaintiffs to sustain damages, some of whom were forced to leave the Defendants' employ due to the unendurable working conditions.

7

Wherefore, the Plaintiffs, Jessica Johnson, Jacqueline Litman, Naomi Gates, Cress Wrenn, Claudia Lyko, Kristy Hack, Carolyn Bartley, Melissa Ganser, Lindsay Midura, Mia Blagsvedt, Heather Bartz, Katherine Franklin, Sandra Estevane, Caroline Fiermuga, Kayleigh Zarndt, Dayleen Marrero, Rachel Osting, Joanna Parys and Tracy Velazquez, request that this Court enter judgment against the Defendants and that Plaintiffs be awarded relief including back pay, compensatory damages, punitive damages, attorney's fees, costs and such other relief as may be deemed just.

## COUNT II
(*Retaliation*)

21. Plaintiffs reallege and reassert the allegations contained in paragraphs 1 through 20, as and for the allegations contained in paragraph 21, as if fully set forth herein.

22. Employees who complained about sexual harassment, including the Plaintiffs, were subjected to adverse working conditions, such as limited or poor shifts to work in the restaurant, being assigned to certain tables in the restaurant that were less desirable financially, and refusing promotions when other workers who did not complain were promoted. In addition, disciplinary actions were taken against Plaintiffs who complained of harassment, when those same measures were not taken against other employees who did not so complain.

23. Further, after the charges were filed with the EEOC a Tilted Kilt Chicago manager told Plaintiffs that they would never work in Chicago again because of the EEOC charges; that Plaintiffs would be required to move from Chicago because they filed the EEOC charges; that Mr. Tomaras (an owner of Titled Kilt Chicago), never loses; that Plaintiffs would never win their lawsuit; and that Mr. Tomaras uses $400 per hour lawyers who never lose.

24. Plaintiffs suffered damages as a result of the Defendants' retaliatory conduct.

Wherefore, the Plaintiffs, Jessica Johnson, Jacqueline Litman, Naomi Gates, Cress Wrenn, Claudia Lyko, Kristy Hack, Carolyn Bartley, Melissa Ganser, Lindsay Midura, Mia Blagsvedt, Heather Bartz, Katherine Franklin, Sandra Estevane, Caroline Fiermuga, Kayleigh Zarndt, Dayleen Marrero, Rachel Osting, Joanna Parys and Tracy Velazquez, request that this Court enter judgment against Defendants, and that Plaintiffs be awarded relief including back pay, compensatory damages, punitive damages, attorney's fees, costs and such other relief as may be deemed just.

### COUNT III
(*Intentional Infliction of Emotional Distress*)

25. Plaintiffs reallege and reassert the allegations contained in paragraphs 1 through 24, as and for the allegations contained in paragraph 25, as if fully set forth herein.

26. Defendants' actions were extreme and outrageous.

27. Defendants' actions were done to intentionally cause the Plaintiffs severe emotional distress.

28. Defendants knew or reasonably should have known that their actions had a high probability of causing Plaintiffs severe emotional distress.

29. Defendants actions demonstrated a willful and wanton disregard for the Plaintiffs' rights.

30. Plaintiffs have suffered emotional distress as a result of the Defendants' actions.

Wherefore, the Plaintiffs, Jessica Johnson, Jacqueline Litman, Naomi Gates, Cress Wrenn, Claudia Lyko, Kristy Hack, Carolyn Bartley, Melissa Ganser, Lindsay Midura, Mia Blagsvedt, Heather Bartz, Katherine Franklin, Sandra Estevane, Caroline Fiermuga, Kayleigh Zarndt, Dayleen Marrero, Rachel Osting, Joanna Parys and Tracy Velazquez, request that this Court enter judgment against Defendants, and that Plaintiffs be awarded compensatory damages, punitive damages, attorney's fees, costs and such other relief as may be deemed just.

Respectfully submitted,

/s/ Mark D. Roth

Attorney for Plaintiffs

Mark D. Roth
Orum & Roth LLC
53 West Jackson Blvd.
Suite 620
Chicago, IL 60604
Phone: 312.922.6262 Ext. 240
Email: markdroth@gmail.com